UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA ANN FORD,

      Plaintiff,                               CASE NO. 2:15-cv-12926-RHC-MJH
                                                 Hon. Robert H. Cleland
v.                                                Magistrate Michael Hluchaniuk

ENHANCED RECOVERY COMPANY, LLC,

      Defendant.
_____/

**FIRST AMENDED COMPLAINT & JURY DEMAND**

Plaintiff Patricia Ann Ford through counsel Stephen A. Thomas, PLC, by Stephen A. Thomas states the following claims for relief:

**INTRODUCTION**

1.      Plaintiff is suing because Defendant Enhanced Recovery Company, LLC, (ERC) as a debt collector, harassed the Plaintiff with collection letter and robo-calls on behalf of AT&T, INC after Plaintiff paid the debt in full two years before the harassment.

2.     Defendant ERC persistently utilized a robo caller to call the Plaintiff's cellular telephone, violating the Plaintiff's privacy rights afforded under federal law.

3.     The United States Supreme Court has recognized a citizen's home as "the last citadel of the tired, the weary, and the sick," *Gregory v. Chicago,* 394 U.S. 111, 125 (1969), and has noted that "[p]reserving the sanctity of the home, the one retreat to which men and women can repair to escape from the tribulations of their daily pursuits, is surely an important value." *Carey v. Brown,* 447 U.S. 455, 471(1980).

## JURISDICTION

4.     Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims and the TCPA claims, which are predicated upon the same facts and circumstances that give rise to the federal causes of action.  Injunctive relief is available pursuant to the TCPA.

5.     This action arises out of Defendant Enhanced Recovery Company, LLC's (ERC) repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), out of Defendant ERC's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* and out of the

invasions of Plaintiff's personal privacy by Defendant ERC and their agents in their illegal efforts to collect a consumer debt.

6. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant ERC transact business here as part of their continuing debt collection activities.

## PARTIES

7. Plaintiff Patricia Ann Ford is a natural person who resides in the City of Detroit, County of Wayne, State of Michigan, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant Enhanced Recovery Company, LLC (Defendant "ERC") is a Delaware for-profit corporation with minimum contacts in Michigan and is a "debt collector" as defined by 15 U.S.C. Sec. 1692a(6).

## VENUE

9. The transactions and occurrences which give rise to this action occurred in Wayne County.

10. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

11. That Defendant ERC attempted to collect a debt in the amount of $119.26, an amount which had already been paid in full by Plaintiff two years prior to Defendant ERC's collection campaign.

12. That on August 18, 2014, Defendant ERC sent a dunning letter for a debt which had been paid in full in 2013.

13. AT&T hired Defendant ERC to collect debts allegedly owed to it.

14. The acts of Defendant ERC relating to the Plaintiff were conducted on behalf of AT&T and with the consent, approval, and/or ratification of AT&T.

15. The Plaintiff alleges that at all times herein mentioned, Defendant ERC was, and is now, the servant, employee, and/or other representative of AT&T, and in doing the things herein alleged, was acting in the scope, purpose, and authority of such agency, service, employment, and/or other representative capacity with the permission, knowledge, consent, and/or ratification of AT&T.

16. Within one year immediately preceding the filing of this complaint, Defendant ERC attempted to collect from Plaintiff a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a cable/mobile bill.

17. Within one year immediately preceding the filing of this complaint, Defendant ERC and the collectors employed by Defendant ERC, and on behalf

of AT&T, willfully sent a dunning letter and placed calls into Michigan to Plaintiff's personal cellular telephone numbers in an effort to collect this debt, which were at all relevant times communication[s]" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

## COLLECTION LETTER IN VIOLATION OF THE FDCPA

18. After Plaintiff paid the outstanding bill, Defendant ERC sent a dunning letter dated August 18, 2014 in violation of the FDCPA, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. 1692a(2).

## COLLECTION CALLS IN VIOLATION OF THE TCPA

19. In late 2012 early 2013, Plaintiff acquired her number 248-864-xxxx, which is a cell phone number with the service provider of Sprint.

20. The number, 248-864-xxxx, is a cell phone and has always been a cell phone.

21. In late 2013 or early 2014 Plaintiff began receiving pre-recorded and/or synthesized voice messages daily on her voicemail for her cellular telephone number 248-864-xxxx from Defendant ERC. Plaintiff knew that she was receiving

robo calls due to the machine generated messages instructing her to press "the 1 key if you are Patricia Ford".

22. Plaintiff retrieved her voicemail and recognized the messages were pre-recorded and/or synthesized voice messages.

23. At no time did Defendant ERC have the consent of Plaintiff in that the alleged debt had been paid in full two years earlier.

24. Within the four years immediately preceding the filing of this complaint, Defendant ERC and the employees and agents of Defendant ERC, repeatedly and willfully placed calls to Plaintiff's personal cellular telephone number in an effort to collect this consumer debt.

*Telephone Consumer Protection Act ("TCPA")*

25. At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. § 153(39) and a subscriber to cellular telephone services within the United States.

26. At all times relevant to this complaint, the Defendant ERC have used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

27.     Within four years immediately preceding the filing of this lawsuit, Defendant ERC and their agents telephoned the Plaintiff's cellular telephones on numerous occasions in violation of the TCPA.

28.     Without Plaintiff's prior express consent, Defendant ERC and its collectors and agents repeatedly used an automatic telephone dialing system to call Plaintiff's cellular telephones in an attempt to collect this debt.

29.     All calls and messages were sent in willful violation of the TCPA and the FDCPA because Defendant ERC never obtained the Plaintiff's prior express consent, and had no basis to believe that they had the Plaintiff's prior express consent.

30.     Plaintiff has never given out her cellular telephone number to Defendant ERC or its collectors.

31.     Defendant ERC's repeated autodialed collection calls to Plaintiff's cellular telephones, within the last four years prior to filing this complaint, were illegal third-party attempts to collect this debt in violation of the TCPA, 47 U.S.C. § 227 *et seq*.

32.     Defendant ERC's repeated autodialed collection calls to Plaintiff's cellular telephones, within the last one year prior to filing this complaint, were illegal third-party attempts to collect this debt in violation of numerous and multiple

provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(a)(1), 1692c(b), 1692d, 1692d(5), 1692e, 1692e(5), 1692e(10), 1692b(1), 1692b(3), 1692f, and 1692f(1), amongst others.

## TRIAL BY JURY

33. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## COUNT I – VIOLATION OF THE

## FAIR DEBT COLLECTION PRACTICES ACT.

34. Plaintiff incorporates the preceding allegations by reference.

35. At all relevant times Defendant ERC, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

36. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

37. Defendant ERC  is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a(6).

38. Defendant ERC's foregoing acts as described more fully herein of illegally attempting to collect this debt violated numerous and multiple provisions of the

FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692d(6), 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(8), 1692e(10), 1692f, and 1692f(1), amongst others.

39. Plaintiff has also suffered actual damages, economic damages, emotional damages, general damages and statutory damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE
## MICHIGAN OCCUPATIONAL CODE.

40. Plaintiff incorporates the preceding allegations by reference.

41. Defendant ERC is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

42. Plaintiff is a "debtor" as that term is defined in M.C.L. § 339.901(f).

43. Defendant ERC's foregoing acts in attempting to collect this debt violated M.C.L. § 339.915.

44. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

45. These violations of the Michigan Occupational Code by Defendant ERC were willful.

## COUNT III - VIOLATION OF THE

## FEDERAL TELEPHONE CONSUMER PROTECTION ACT.

## 47 U.S.C. § 227 et seq.

46. Plaintiff incorporates the preceding allegations by reference.

47. Within the four year period immediately preceding this action, the Defendant ERC made numerous calls to the Plaintiff's cellular telephone service using an automatic telephone dialing system in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

48. The acts and or omissions of Defendant ERC at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

49. As a causally-direct and legally proximate result of the above violations of the TCPA and the C.F.R., Defendant ERC at all times material and relevant hereto, as described in this Complaint, caused Plaintiff to sustain damages.

50. Defendant ERC did not have the necessary prior express consent of Plaintiff to use an automatic telephone dialing system to call the Plaintiff's cellular telephone.

51. Under the 47 U.S.C. Section 227(b)(3)(B), the Plaintiff is entitled to statutory damages under the TCPA of $500.00 per telephone call made to Plaintiff.

52. Defendant ERC willfully and knowingly violated the TCPA, and as such, the Plaintiff is entitled to $1,500.00 per telephone call made to the Plaintiff pursuant to the 47 U.S.C. Section 227(b)(3).

53. Plaintiff is entitled to injunctive relief prohibiting Defendant ERC from contacting the Plaintiff on her cellular telephone using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a).

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

### DEMAND FOR JUDGMENT FOR RELIEF

Wherefore, Plaintiff requests that the Court grant her the following relief against the Defendant ERC:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant ERC and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant ERC and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant ERC and for Plaintiff;

## COUNT II.

## VIOLATIONS OF THE MICHIGAN OCCUPATIONAL CODE

- for an award of actual damages, statutory damages, punitive damages (if the evidence at trial so warrants), actual costs, and attorney's fees, under Michigan Occupational Code against Defendant ERC and for Plaintiff.

## COUNT III.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 et seq.

- for an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. Section 227(b)(3)(B) against Defendant ERC and for Plaintiff;

- for an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. Section 227(b)(3) against Defendant ERC and for Plaintiff;

- for an injunction prohibiting Defendant ERC from contacting the Plaintiff on her cellular telephone using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a) against Defendant ERC and for Plaintiff.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | /s/ Stephen A. Thomas |
| October 7, 2015 | STEPHEN A. THOMAS P43260 |
|  | Attorney for Plaintiff |
|  | 645 Griswold St., Suite 1360 |
|  | Detroit, Michigan 48226 |
|  | 313-965-2265 |
|  | sthomas@313965bank.com |

## CERTIFICATE OF SERVICE

I, Stephen A. Thomas, hereby state that on October 7, 2015 filed the foregoing document using the court's CM/ECF System, and all counsel of record will receive the same.

*/s/ Stephen A. Thomas*